# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

Jonathan Paul Catlin )

    Plaintiff )

CASE NO. _15cv06258_

JUDGE: _____

vs. )

COMPLAINT FOR VIOLATIONS OF
47 U.S.C. §227 and 15 U.S.C. §1681;

Viking Client Services, Inc. )

    and )

Trans Union Consumer Solutions, )

    Defendants )

ACTUAL DAMAGES, STATUATORY
DAMAGES and PUNITIVE DAMAGES

DEMAND FOR TRIAL BY JURY

*[Clerk's filing stamp: UNITED STATES DISTRICT COURT FILED MAY - 1 2015 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY]*

## INTRODUCTION & OPENING STATEMEMT

    This is an action brought by Plaintiff against Viking Client Services, Inc. for violations of the Telephone Consumer Protection Act, 47 USC § 227 (herein after "47 USC § 227"), and the Fair Credit Reporting Act, 15 U.S.C. §1681 (herein after "15 U.S.C. §1681"), and against Trans Union Consumer Solutions for violations of 15 U.S.C. §1681.

## JURISDICTION and VENUE

1.     This action arises under 47 U.S.C. §227 and 15 U.S.C. §1681. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331.

2.     Venue is proper because the events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## PARTIES

3.     Plaintiff, Jonathan Paul Catlin, herein after "Plaintiff", at all times relevant herein, was domiciled in the town of Naples, New York.

4.     Plaintiff is a consumer as defined by 15 USC §1681a(c).

5.     Plaintiff is informed and believes that Defendant Viking Client Services, Inc. herein after "Viking", is a foreign corporation authorized to do business in New York. Viking's principle address is: 7500 Office Ridge Circle, Suite 100, Eden Prarie, MN 55344.

6.     Plaintiff is informed and believes that Trans Union Consumer Solutions, LLC, herein after "Trans Union" is a foreign corporation. Trans Union's mailing address is: 2 Baldwin Place, PO Box 2000, Chester, PA 19022-2000

7.     Upon information and belief, Trans Union is a consumer reporting agency as defined by 15 USC §1681a(f).

## PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

8.     Plaintiff has **not** begun any other lawsuits in state or federal court dealing with the same facts involved in this action.

## CONDITIONS PRECEDENT

9.     All conditions precedent have been performed or have occurred.

## FACTS

10.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 9 above and incorporate the same as if set forth in full.

11.     On or about February 12, 2013, Plaintiff received a call from Viking on his personal cell phone. The incoming caller id was 952-288-2791. This was at least the second call that Plaintiff received from Viking. Upon information and belief, these calls were placed using an automatic telephone dialing system. (See Exhibit A.)

12.     On May 9, 2013, Plaintiff noticed an inquiry on his credit report by Viking, dated February 5, 2013.

13.     On May 14, 2013, Plaintiff mailed a letter (dated May 9, 2013) to Trans Union disputing the unauthorized credit inquiry by Viking and requesting its removal. Plaintiff addressed other disputes about his Trans Union Credit Report in the same letter.

14.     On June 9, 2013, Trans Union responded to Plaintiff's May 9, 2013 letter. Trans Union addressed the other disputes from plaintiff's letter, but did not validate or otherwise mention the credit inquiry by Viking.

15.     On August 3, 2013, Plaintiff again obtained his Trans Union Credit report. The credit inquiry from Viking was still listed. (See Exhibit B).

## COUNT I

**(47 U.S.C. §227; Placing calls to a personal cell phone using an automated dialer)**

16.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 above and incorporates the same as if set forth in full.

17.    On or about February 12, 2013 Viking called Plaintiff's personal cell phone.

18.    While this is the only call Plaintiff has recorded, Plaintiff knows that Viking called at least once before, and believes that Viking likely called more times. Plaintiff intends to propound discovery to identify the full number of calls from Viking.

19.    Plaintiff believes Viking used an automatic telephone dialing system to place these calls.

20.    Plaintiff has no contract or business relationship with Viking, and has never given Viking express permission to call his cell phone.

21.    As a direct result of Viking's actions described in Count I, Plaintiff has suffered harassment, disruption of work flow, loss of productivity, disruption of family life, loss of quality time with family, and emotional distress including, but not limited to, stress, agitation, anxiety, and frustration, all to his injury.

22.    The federal basis for this claim is 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. §227(b)(3).

## COUNT II

**(15 U. S. C. §1681; Willful non-compliance with permissible purpose requirements.)**

23.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 22 above and incorporates the same as if set forth here in full.

24.    Viking willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

25.    As a direct result of Viking's actions described in Count II, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

26.    The federal basis for this claim is 15 U.S.C. §1681b and 15 U.S.C §1681n.

## COUNT III

**(15 U. S. C. §1681; Negligent non-compliance with permissible purpose requirements.)**

27.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 26 above and incorporates the same as if set forth here in full.

28.    Viking negligently violated 15 USC §1681b(f) by obtaining Plaintiff's consumer report without permissible purpose as defined by 15 USC §1681b.

29.    As a direct result of Viking's actions described in Count III, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

30.     The federal basis for this claim is 15 U.S.C. §1681b and 15 U.S.C §1681o.

## COUNT IV

**(15 U. S. C. §1681; Willful non-compliance with permissible purpose requirements.)**

31.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 30 above and incorporates the same as if set forth here in full.

32.     Trans Union willfully violated 15 U.S.C. §1681b by furnishing Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

33.     As a direct result of Trans Union's actions described in Count IV, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

34.     The federal basis for this claim is 15 U.S.C. §1681b, 15 U.S.C. §1681e, and 15 U.S.C §1681n.

## COUNT V

**(15 U. S. C. §1681; Negligent non-compliance with permissible purpose requirements.)**

35.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 34 above and incorporates the same as if set forth here in full.

36.     Trans Union negligently violated 15 U.S.C. §1681b by furnishing Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

37.     As a direct result of Trans Union's actions described in Count V, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

38.     The federal basis for this claim is 15 U.S.C. §1681b, 15 U.S.C. §1681e, and 15 U.S.C §1681o.

## COUNT VI

**(15 U. S. C. §1681; Willful non-compliance with dispute investigation requirements.)**

39.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 38 above and incorporates the same as if set forth here in full.

40.     Trans Union willfully violated 15 U.S.C. §1681i by failing to properly respond to Plaintiff's request for the unauthorized credit inquiry by Viking to be removed from his consumer credit report. Trans Union neither deleted the disputed inquiry nor notified Plaintiff of its reinvestigation determination.

41.     As a direct result of Trans Union's actions described in Count VI, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

42.     The federal basis for this claim is 15 U.S.C. §1681i and 15 U.S.C §1681n.

## COUNT VII

**(15 U. S. C. §1681; Negligent non-compliance with dispute investigation requirements.)**

43.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 42 above and incorporates the same as if set forth here in full.

44.     Trans Union negligently violated 15 U.S.C. §1681i by failing to properly respond to Plaintiff's request for the unauthorized credit inquiry by Viking to be removed from his consumer credit report. Trans Union neither deleted the disputed inquiry nor notified Plaintiff of its reinvestigation determination.

45.     As a direct result of Trans Union's actions described in Count VII, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

46.     The federal basis for this claim is 15 U.S.C. §1681i and 15 U.S.C §1681o.

### <u>SUMMARY OF RELIEF SOUGHT</u>

**WHEREFORE**, Plaintiff prays for relief as follows:

Against Defendant Viking:

a)   For statutory damages in the amount of $4,000.00.

b)   For actual damages in the amount of $8,000.00.

c)   For punitive damages in the amount allowed by law.

d)   Reasonable Attorneys  fees & costs, along with costs of suit,

e)   Reasonable costs of time to pursue suit; and,

f)   Such other relief as this Court may find to be just and proper.

Against Defendant Trans Union:

g)   For statutory damages in the amount of $2,000.00.

h)   For actual damages in the amount of $8,000.00.

i)   For punitive damages in the amount allowed by law.

j)   Reasonable Attorneys  fees & costs, along with costs of suit,

k)   Reasonable costs of time to pursue suit; and,

l)   Such other relief as this Court may find to be just and proper

1
## DEMAND FOR TRIAL BY JURY
2

3   **I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND**
4   **CORRECT TO THE BEST OF MY KNOWLEDGE.**

5

6

7         EXECUTED this _28ᵗʰ_ day of _April_ , 2015.

8

9

10                          _Jonathan Paul Catlin_

11                          Original Signature

12                          Jonathan Paul Catlin

13

14

15

16                          c/o PO Box 621

17                          Naples, New York

18                          cell: 208-627-3950

19                          e-mail: myfriendstenthousand@gmail.com

20

21                          _In Proper Person_

22

23

24

25

26

27

28

29

30

31

32

33

34

35

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

# Exhibit A

## AFFIDAVIT OF JONATHAN PAUL CATLIN

STATE OF NEW YORK       )
                            ) *ss*

COUNTY OF YATES        )

Comes now, Jonathan Paul Catlin, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states that he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of his knowledge.

1. Affiant has not been presented with any contract or agreement that presents Affiant and Viking Client Services, Inc. (herein after "Viking") as parties to said contract or agreement.

2. Affiant has never given express consent to Viking to call Affiant or Affiant's personal cell phone.

3. On or about February 12, 2013, Affiant received a call from Viking (caller ID 952-288-2791) to his personal cell phone. Affiant believes this call to have been placed using an automatic telephone dialing system.

4. Previous to the February 12, 2013 call described in paragraph 3 above, Affiant received at least one other call from Viking (caller ID 952-288-2791) to his personal cell phone. Affiant believes this call to have been placed using an automatic telephone dialing system.

Further, Affiant sayeth naught.

_Jonathan Paul Catlin_                                _4/6/15_
Jonathan Paul Catlin                                    Date

State of New York
County of Yates

Subscribed and sworn to (or affirmed) before me on this __6th__ day of April, 2015
By Jonathan Paul Catlin, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Barbara J. Luffman_        (Seal)
Notary Public

BARBARA J. LUFFMAN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01LU6046549
QUALIFIED IN YATES COUNTY
MY COMMISSION EXPIRES 08-14-20 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

# Exhibit B

# AFFIDAVIT OF JONATHAN PAUL CATLIN

STATE OF NEW YORK        )
                                     ) *ss*

COUNTY OF YATES         )

Comes now, Jonathan Paul Catlin, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states that he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of his knowledge.

1. On May 9, 2013, affiant obtained his credit report from Trans Union Consumer Solutions, LLC (herein after Trans Union).

2. Affiant noticed a credit inquiry on this credit report by Viking Client Services, Inc. (herein after "Viking").

3. Affiant had not authorized the above-described credit inquiry by Viking.

4. On May 14, 2013, Affiant mailed a letter (dated May 9, 2013, USPS tracking number 7010 0290 0001 2362 7624) to Trans Union disputing the unauthorized credit inquiry by Viking and requesting it's removal. Affiant addressed other disputes about his credit in the same letter.

5. On May 17, 2013, Trans Union received the dispute letter described in paragraph 4 above.

6. On June 9, 2013, Trans Union responded to Affiant's dispute letter described in paragraph 4. Trans Union addressed the other disputes in Affiant's letter, but did not validate or otherwise mention the credit inquiry by Viking.

7. On August 3, 2013, Affiant again obtained his Trans Union Credit report. The credit inquiry by Viking was still listed.

Further, Affiant sayeth naught.

_Jonathan Paul Catlin_
Jonathan Paul Catlin

_4/6/15_
Date

State of New York
County of Yates

Subscribed and sworn to (or affirmed) before me on this ___6th___ day of April, 2015
By Jonathan Paul Catlin, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Barbara J. Luffman_ _____ (Seal)
Notary Public

BARBARA J. LUFFMAN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01LU6046549
QUALIFIED IN YATES COUNTY
MY COMMISSION EXPIRES 08-14-20 18