## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK (ROCHESTER)

---

JONATHAN PAUL CATLIN,               CASE NO. 6:15-cv-06258-DGL
         Plaintiff,

    vs.

VIKING CLIENT SERVICES, INC. and
TRANS UNION CONSUMER SOLUTIONS,
         Defendants.

---

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF 47 U.S.C. §227 and 15 U.S.C. §1681; ACTUAL DAMAGES, STATUTORY DAMAGES and PUNITIVE DAMAGES AND AFFIRMATIVE DEFENSES**

---

Trans Union, LLC, improperly identified as Trans Union Consumer Solutions ("Trans Union"), by counsel, responds to Plaintiff's Complaint For Violations Of 47 U.S.C. §227 and 15 U.S.C. §1681; Actual Damages, Statutory Damages and Punitive Damages (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### INTRODUCTION & OPENING STATEMENT

This is an action brought by Plaintiff against Viking Client Services, Inc. for violations of the Telephone Consumer Protection Act, 47 USC § 227 (hereinafter "47 USC §227"), and the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "15 U.S.C. §1681"), and against Trans Union Consumer Solutions for violations of 15 U.S.C. §1681.

**ANSWER**:    Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION and VENUE

1.      This action arises under 47 U.S.C. §227 and 15 U.S.C. §1681.  The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331.

**<u>ANSWER</u>**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      Venue is proper because the events giving rise in Plaintiffs' [sic] causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

**<u>ANSWER</u>**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

3.      Plaintiff, Jonathan Paul Catlin, herein after "Plaintiff", at all times relevant herein, was domiciled in the town of Naples, New York.

**<u>ANSWER</u>**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4.      Plaintiff is a consumer as defined by 15 USC §1681a(c).

**<u>ANSWER</u>**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Plaintiff is informed and believes that Defendant Viking Client Services, Inc. herein after "Viking", is a foreign corporation authorized to do business in New York.  Viking's principle [sic] address is: 750 Office Ridge Circle, Suite 100, Eden Prarie [sic], MN 55344.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Plaintiff is informed and believes that Trans Union Consumer Solutions, LLC, herein after "Trans Union" is a foreign corporation.  Trans Union's mailing address is: 2 Baldwin Place, PO Box 2000, Chester, PA 19022-2000 [sic]

**ANSWER**:    Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

7.      Upon information and belief, Trans Union is a consumer reporting agency as defined by 15 USC §1681a(f).

**ANSWER**:    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

8.      Plaintiff has **not** begun any other lawsuits in state or federal court dealing with the same facts involved in this action. (emphasis included)

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

### CONDITIONS PRECEDENT

9.      All conditions precedent have been performed or have occurred.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTS

10.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 9 above and incorporate [sic] the same as if set forth in full.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

11.     On or about February 12, 2013, Plaintiff received a call from Viking on his personal cell phone.  The incoming caller id was 952-288-2791.  This was at least the second call that Plaintiff received from Viking.  Upon information and belief, these calls were placed using an automatic telephone dialing system.  (See Exhibit A.)

**ANSWER**:     Trans Union states that the document identified as "Exhibit A" speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12.     On May 9, 2013, Plaintiff noticed an inquiry on his credit report by Viking, dated February 5, 2013.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.     On May 14, 2013, Plaintiff mailed a letter (dated May 9, 2013) to Trans Union disputing the unauthorized credit inquiry by Viking and requesting its removal.  Plaintiff addressed other disputes about his Trans Union Credit Report in the same letter.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     On June 9, 2013, Trans Union responded to Plaintiff's May 9, 2013 letter.  Trans Union addressed the other disputes from plaintiff's letter, but did not validate or otherwise mention the credit inquiry by Viking.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     On August 3, 2013, Plaintiff again obtained his Trans Union Credit [sic] report. The credit inquiry from Viking was still listed.  (See Exhibit B).

**ANSWER**:   Trans Union states that the document identified as "Exhibit B" speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## COUNT I

**(47 U.S.C. §227; Placing calls to a personal cell phone using an automated dialer)**

16.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 above and incorporates the same as if set forth in full.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

17.     On or about February 12, 2013 [sic] Viking called Plaintiff's personal cell phone.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.   While this is the only call Plaintiff has recorded, Plaintiff knows that Viking called at least once before, and believes that Viking likely called more times.  Plaintiff intends to propound discovery to identify the full number of calls from Viking.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.   Plaintiff believes Viking used an automatic telephone dialing system to place these calls.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.   Plaintiff has no contract or business relationship with Viking, and has never given Viking express permission to call his cell phone.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.   As a direct result of Viking's actions described in Count I, Plaintiff has suffered harassment, disruption of work flow, loss of productivity, disruption of family like, loss of quality time with family, and emotional distress including, but not limited to, stress, agitation, anxiety, and frustration, all to his injury.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22.     The federal basis for this claim is 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. §227(b)(3).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT II

**(15 U.S.C. §1681; Willful non-compliance with permissible purpose requirements.)**

23.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 22 above and incorporates the same as if set forth here in full.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

24.     Viking willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25.     As a direct result of Viking's actions described in Count II, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.     The federal basis for this claim is 15 U.S.C. §1681b and 15 U.S.C. §1681n.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT III

**(15 U.S.C. §1681; Negligent non-compliance with permissible purpose requirements.)**

27.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 26 above and incorporates the same as if set forth here in full.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

28.   Viking negligently violated 15 USC §1681b(f) by obtaining Plaintiff's consumer report without permissible purpose as defined by 15 USC §1681b.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.   As a direct result of Viking's actions described in Count III, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.   The federal basis for this claim is 15 U.S.C. §1681b and 15 U.S.C. §1681o.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT IV

**(15 U.S.C. §1681; Willful non-compliance with permissible purpose requirements.)**

31.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 30 above and incorporates the same as if set forth here in full.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

32.     Trans Union willfully violated 15 U.S.C. §1681b by furnishing Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

33.     As a direct result of Trans Union's actions described in Count IV, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

34.     The federal basis for this claim is 15 U.S.C. §1681b, 15 U.S.C. §1681e, and 15 U.S.C. §1681n.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT V

**(15 U.S.C. §1681; Negligent non-compliance with permissible purpose requirements.)**

35.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 34 above and incorporates the same as if set forth here in full.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

36.     Trans Union negligently violated 15 U.S.C. §1681b by furnishing Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

37.     As a direct result of Trans Union's actions described in Count V, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

38.     The federal basis for this claim is 15 U.S.C. §1681b, 15 U.S.C. §1681e, and 15 U.S.C. §1681o.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT VI

**(15 U.S.C. §1681; Willful non-compliance with dispute investigation requirements.)**

39.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 38 above and incorporates the same as if set forth here in full.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

40.     Trans Union willfully violated 15 U.S.C. §1681i by failing to properly respond to Plaintiff's request for the unauthorized credit inquiry by Viking to be removed from his consumer credit report.  Trans Union neither deleted the disputed inquiry nor notified Plaintiff of its reinvestigation determination.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

41.     As a direct result of Trans Union's actions described in Count VI, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

42.     The federal basis for this claim is 15 U.S.C. §1681i and 15 U.S.C. §1681n.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT VII

### (15 U.S.C. §1681; Negligence non-compliance with dispute investigation requirements.)

43.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 42 above and incorporates the same as if set forth here in full.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

44.     Trans Union negligently violated 15 U.S.C. §1681i by failing to properly respond to Plaintiff's request for the unauthorized credit inquiry by Viking to be removed from his consumer credit report.  Trans Union neither deleted the disputed inquiry nor notified Plaintiff of its reinvestigation determination.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

45.     As a direct result of Trans Union's action described in Count VII, Plaintiff has suffered lowering of credit score, defamation of character, and embarrassment, all to his injury.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

46.     The federal basis for this claim is 15 U.S.C. §1681i and 15 U.S.C. §1681o.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## SUMMARY OF RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for relief as follows:

Against Defendant Viking:

a)      For statutory damages in the amount of $4,000.00.
b)      For actual damages in the amount of $8,000.00.
c)      For punitive damages in the amount allowed by law.
d)      Reasonable Attorneys fees & costs, along with costs of suit,
e)      Reasonable costs of time to pursue suit; and,
f)      Such other relief as this Court may find to be just and proper.

Against Defendant Trans Union:

g)      For statutory damages in the amount of $2,000.00.

h)      For actual damages in the amount of $8,000.00.

i)      For punitive damages in the amount allowed by law.

j)      Reasonable Attorneys fees & costs, along with costs of suit,

k)      Reasonable costs of time to pursue suit; and,

l)      Such other relief as this Court may find to be just and proper [sic]

**ANSWER**:     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEMAND FOR TRIAL BY JURY

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:  June 1, 2015.                           Respectfully submitted,


                                               *s/      Robert J. Schuckit*
                                               Robert J. Schuckit, Esq.
                                               Schuckit & Associates, P.C.
                                               4545 Northwestern Drive
                                               Zionsville, IN  46077
                                               Telephone:  317-363-2400
                                               Fax:  317-363-2257
                                               E-Mail:  rschuckit@schuckitlaw.com

                                               *Counsel for Defendant, Trans Union, LLC*
                                               *(improperly identified as Trans Union*
                                               *Consumer Solutions)*