UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------x
JONATHAN PAUL CATLIN,

        Plaintiff,                   ANSWER

    -against-                     15-CV-6258

VIKING CLIENT SERVICES, INC.
and TRANS UNION CONSUMER
SOLUTIONS,

        Defendant.
----------------------------------x

      Defendant, VIKING CLIENT SERVICES INC., by its attorneys, Barron & Newburger, P.C., answers plaintiff's complaint as follows:

      1. Defendant acknowledges being sued pursuant to federal law, but denies any violation thereof.

      2. Defendant admits the allegations contained in paragraph "2" of the complaint.

      3. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the complaint.

      4. Defendant admits allegations contained in paragraph "4" of the complaint.

      5. Defendant admits the allegations contained in paragraph "5" of the complaint.

      6. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

7. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the complaint.

10. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through 9 of the complaint.

11. Defendant admits placing a phone call to the plaintiff in an attempt to collect a debt from him. Defendant specifically denies that the call was made using an automatic telephone dialing system.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the complaint.

16. Defendant repeats and realleges it previous admissions and denials contained in paragraphs "1" through "15" of the complaint.

17. Defendant admits the allegations contained in paragraph "17" of the complaint.

18. Defendant admits making one additional phone call to the plaintiff, but otherwise denies the allegations contained in paragraph "18" of the complaint.

19. Defendant denies each and every allegation contained in paragraph "19" of the complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the complaint.

21. Defendant denies each and every allegation contained in paragraph "21" of the complaint.

22. Defendant denies each and every allegation contained in paragraph "22" of the complaint.

23. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "22" of the complaint.

24. Defendant denies each and every allegation contained in paragraph "24" of the complaint.

25. Defendant denies each and every allegation contained in paragraph "25" of the complaint.

26. Defendant denies each and every allegation contained in paragraph "26" of the complaint.

27. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "26" of the complaint.

28. Defendant denies each and every allegation contained in paragraph "28" of the complaint.

29. Defendant denies each and every allegation contained in paragraph "29" of the complaint.

30. Defendant denies each and every allegation contained in paragraph "30" of the complaint.

31. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "30" of the complaiont.

32. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

33. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

34. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

35. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

36. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

37. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

38. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

39. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "38" of the complaint.

40. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

41. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

42. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

43. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

44. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

45. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

46. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

47. Plaintiff's claim is barred, in whole or in part, by the applicable Statute of Limitations.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

48. Plaintiff's damages are the result of acts or omissions committed by plaintiff.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed.

Dated: New City, NY
June 8, 2015

_____
ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.
Attorneys for defendant
30 South Main Street
New City, NY 10956
845-499-2990

To:
JONATHAN PAUL CATLIN
Defendant, Pro Se
P.O. Box 621
Naples, NY 14512